The Honorable Pat Bond State Representative 717 Foxwood Drive Jacksonville, Arkansas 72076-2624
Dear Representative Bond:
This is in response to your request for an opinion concerning the Plum Bayou Levee District. You have indicated that the levee is in need of repair and the levee district can arrange for the necessary repairs by utilizing grant funding. In light of the foregoing, you have presented the following question:
 Can Plum Bayou Levee District, which was established by the Arkansas legislature shortly after the turn of the century, borrow money for maintenance of the levee system?
In my opinion, the answer to your question is most likely "yes."
The Plum Bayou Levee District was created by an act of the General Assembly in 1905 for the purpose of constructing and maintaining a levee along or near the east bank of the Arkansas River, in the counties of Pulaski, Lonoke, and Jefferson.[1] Act 31 of 1905; see also McCoy v.Board of Directors of Plum Bayou Levee District, 95 Ark. 345,129 S.W. 1097 (1910). Initially, it should be stated that the Board of Directors of the Plum Bayou Levee District generally may do all "acts and things not inconsistent with the laws of this State, which may be proper to carry into effect the purpose and objects of this Act." Act 31 of 1905, § 2. More specifically, section 20 of Act 31 expressly provides in part:
 That for the purpose of building, erecting and maintaining the levee in said Plum Bayou Levee District, and for making necessary repairs thereon, and in order to enable the board of directors to fully carry out the end and purpose of this Act, the said board of directors shall have the power to borrow money, and to that end may issue bonds of said board to the amount of not exceeding $300,000 payable in lawful money of the United States, . . .[2]
(Emphasis supplied.) Further, section 23 of Act 31 provides:
 That all moneys borrowed or arising from negotiation or sale of any of said bonds, shall be paid into the treasury of said levee board and shall constitute a levee fund, to be used and applied only in building, rebuilding, raising, repairing, maintaining, purchasing or condemning levees, and expenses contemplated under this Act, and for no other purpose.
(Emphasis supplied.) In my opinion, the foregoing provisions grant the Plum Bayou Levee District authority to borrow money for maintenance and repairs to the levee.
It is also my understanding that the levee district is concerned with whether it must issue bonds in order to borrow money. In my opinion, the levee district is most likely not required to issue bonds in order to borrow money. Section 20 merely provides that the district "may" issue bonds, and section 23 refers to moneys borrowed or arising from the sale of bonds. If the General Assembly intended to require the levee district to issue bonds in order to raise money, then it could have easily so stated.
My conclusion that the levee district is most likely not required to issue bonds in order to borrow money is supported by Altheimer v. Boardof Directors of Plum Bayou Levee District, 79 Ark. 229, 95 S.W. 140
(1906), where the court stated that Act 31 of 1905 "expressly authorized the board of directors to borrow money and issue bonds of the district to the extent of the sum of $300,000 for the purpose of constructing and maintaining the levee." (Emphasis supplied.) In interpreting section 20 of Act 31, the court also stated:
 This is clearly a limitation upon the power of the board to borrow money as well as to issue bonds. Expressio unius est exclusio alterius. If the board had the power otherwise to borrow money or
issue bonds and other negotiable evidences of indebtedness, it was unnecessary to specifically confer that power to the extent of the limited amount named.
 We therefore hold that the board of directors are not empowered to borrow money or issue bonds or other negotiable obligations for any purpose in excess of $300,000, . . .
(Emphasis supplied.) Although the issue on appeal was whether the levee district had the authority to borrow in excess of $300,000, the language appears to indicate that the board's authority to borrow money is not restricted to the issuance of bonds.
Finally, it should be noted that A.C.A. § 15-24-104, enacted in 1937 by Act 212, provides in part:
 (a) The following rights of any and all levee districts or drainage districts are expressly declared, ratified, and confirmed:
 (1) The right to make compacts and contracts with the United States Government or with any agency of that government or created by that government, to borrow money and repay it, and to accept and receive any and all federal moneys, grants, contributions, gratuities, or loans, or aid of any nature made available by the United States Government or by any of its agencies or instrumentalities[.]
The foregoing provision expressly declares that any and all levee districts may accept and receive any and all federal moneys, grants, or loans.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It is my understanding that the Plum Bayou Levee District has not reorganized under any other legislation that governs levee districts in general.
[2] Act 442 of 1907, § 4, provides in part that in order to complete the Plum Bayou levee system and to raise money to make necessary repairs, "the said board of directors shall have power to borrow money and to that end may issue bonds of said board to the amount of not exceeding $100,000[.]"